(No. 4769.  November 17, 1927.)

SARAH McNULTY, ROSE GALLIGHER, BRIDGET Mc-
NULTY and DANIEL McNULTY, Appellants, v.
CAROLINE GILMAN PACKINGHAM and IVAN L.
PACKINGHAM, Her Husband, JENNIE GILMAN
POWERS and L. M. POWERS, Her Husband, and
EMELINE GILMAN, Respondents.

[261 Pac. 671.]

PLEADING — MORTGAGES — ACCELERATION CLAUSE—STATUTE OF LIMITA-
TIONS—APPEAL AND ERROR—FACTS ADMITTED BY DEMURRER NOT
CONSIDERED ON APPEAL—DESCENT AND DISTRIBUTION—SUIT AGAINST
HEIRS AFTER DISTRIBUTION—WAIVER OF RECOURSE NOT NECESSARY.

1.  Complaint in suit to foreclose a real estate mortgage was
not demurrable for indefiniteness and uncertainty, where facts
admitted by demurrer advised defendants of nonperformance of
defendants' predecessor's contract to pay at time certain a sum
certain, with interest, and of plaintiffs' ownership of contract and
mortgage.

2.  Provision in real estate mortgage that in case of default
in payment of principal or interest, then mortgagee, executors,
administrators and assigns were empowered to sell premises, con-
ferred an option only, and did not require exercise of power con-
ferred, and hence did not set statute of limitations running at
date thereof.

3.  Suit to foreclose real estate mortgage, admittedly brought
within five years after date of maturity of note it secured, held
not barred by limitation.

4.  Where in suit to foreclose a real estate mortgage securing
a note of $1,000, by heirs of mortgagee, complaint alleged that
property described in decree of distribution and order establishing
heirship as a mortgage for $1,200 was intended to be the mortgage
declared on, which facts were admitted by defendants on demurrer,
defendants cannot urge on appeal that plaintiffs failed to show
themselves owners of the specific mortgage.

5.  In suit to foreclose a real estate mortgage, alleging death
of mortgagor and that mortgaged lots were decreed to defendants

as heirs, since at time suit was begun decedent's estate was non-existent, complaint was not defective for failure to expressly waive other recourse against decedent's estate.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County.  Hon. H. F. Ensign, Judge.

Action to foreclose real estate mortgage.  Judgment for defendants.  *Reversed and remanded.*

Harlan D. Heist, for Appellants.

The court erred in sustaining defendants' demurrer to plaintiff's amended complaint.

The note being lost and neither the plaintiffs nor the plaintiffs' attorney ever having seen the note, we do not know what the provisions of the same were relative to any accelerating clause.  (8 C. J. 417; *Voris v. Ferrill,* 57 Ind. App. 1, 103 N. E. 122.)

In the case at bar the only language that is used in the mortgage is: "that in case default of interest the holder is empowered to sell the said premises."  It does not say that in default of payment on any interest instalments the entire principal and interest "become immediately due and payable."  It is certainly optional with the holder of the note to proceed or not to proceed to foreclose.  The accelerating clause in the mortgage gives the plaintiff a right to exercise a right and no more.   (8 C. J. 417.)

Publisher's Note.

2. Accrual of action for mortgage debt as affected by acceleration clause, see note in 2 Ann. Cas. 854. Effect of acceleration provision in mortgage or note to start the statute of limitations running, see notes in 12 L. R. A., N. S., 1190; 22 L. R. A., N. S., 1110; 51 L. R. A., N. S., 151; L. R. A. 1918F, 169. See, also, 19 R. C. L. 499.

See Appeal and Error, 3 C. J., sec. 623, p. 727, n. 98.

Descent and Distribution, 18 C. J., sec. 195, p. 910, n. 73 New. Mortgages, 41 C. J., sec. 1010, p. 832, n. 49; sec. 1076, p. 871, n. 93, 99 New.

Pleading, 31 Cyc., p. 72, n. 30.

"The language of the note and mortgage gave to the mortgagee the right on default to proceed to foreclose. He might delay it or waive it, but a delay in exercising his right could not be construed as depriving him of it." (*Brickell v. Batchelder*, 62 Cal. 629.)

The holder of a note with interest payable annually loses .no rights against the parties to it, whether makers or indorsers, by neglecting to demand interest; and he has the election to do so, or wait and collect it with the principal. (*National Bank of North America v. Kirby*, 108 Mass. 497, citing *Mt. Mansfield Hotel Co. v. Bailey*, 64 Vt. 151, 24 Atl. 136, 16 L. R. A. 295.)

J. G. Hedrick, for Respondents.

The complaint fails to state a cause of action for the reason that under the provisions of C. S., sec. 7588, where a suit is brought to foreclose a mortgage against an estate or property of the estate, where no claim has been filed with the estate, the plaintiff must expressly waive all recourse against any other property of the estate and this waiver must be distinctly pleaded; which is not done in this case. (*Bank of Sonoma County v. Charles*, 86 Cal. 322, 24 Pac. 1019.)

The statute of limitations begins to run whenever the cause of action accrues. In other words, the time limited is to be computed from the day on which the plaintiff might have commenced an action for the recovery of his demand. (*Central Trust Co. v. Meridian L. & R. Co.*, 106 Miss. 431, 63 So. 575, 51 L. R. A., N. S., 151.)

Under a statute of limitations when one person may rightfully sue another the cause of action has accrued and the statute of limitations begins to run from that date. (*United States Fidelity & Guaranty Co. v. Fidelity Trust Co.*, 49 Okl. 398, 153 Pac. 195; *Zurcher v. Booth*, 80 Or. 335, 157 Pac. 147; *Patterson v. Bonner*, 73 Okl. 224, 175 Pac. 826.)

T. BAILEY LEE, J.—This is a suit to foreclose a real estate mortgage. Plaintiffs and appellants, native residents

of Ireland, are the heirs of Dennis McNulty, who died in Lincoln county, Idaho, June 10, 1919. Defendants and respondents are the heirs of J. W. Gilman, who died in Blaine county, Idaho, some time prior to the year 1923.

Plaintiffs plead substantially that on December 1, 1914, the said J. W. Gilman executed and delivered to the aforesaid Dennis McNulty a promissory note in the principal sum of $1,000, due five years thereafter, and bearing eight per cent interest from date; that to secure the payment of said note he executed and delivered McNulty "his certain real estate mortgage bearing date December 1, 1914," mortgaging certain town lots in Hailey, Idaho, which mortgage was duly acknowledged, certified and recorded; that thereafter the said Gilman died, his estate duly probated in Blaine county, and the mortgaged lots decreed to defendant and respondent heirs on February 28, 1923; that McNulty died in Lincoln county on June 10, 1919, his estate duly probated in Lincoln county and distributed on January 10, 1924, to Daniel McNulty, and the heirs and devisees of John and Barney McNulty; that on May 10, 1924, plaintiffs and appellants established their heirship and claim as alien heirs to said property; that the property described in the decree of distribution and the order establishing heirship as a mortgage on residence property in Hailey for $1,200, "was intended to be and was the note and mortgage mentioned in the complaint"; that the plaintiffs "are now the true and lawful owners and holders of said mortgage and note"; that said note "has without any fault on the part of these plaintiffs or either of them become mislayed and lost, and plaintiffs are unable to find same, and therefore cannot produce said note into this court, but the same is set forth in the mortgage in this complaint hereinafter pleaded; that due and diligent search for said note has been made by the plaintiffs, their agents, attorneys and representatives"; that there "are now due, owing and payable to these plaintiffs by virtue of the aforesaid mortgage the aforesaid sum of $1,000 together with interest thereon at eight per cent per annum from December 1, 1916, two years interest having been

paid''; that plaintiffs have demanded payment of the defendants, the present owners of said property, and that they and each of them refuse to pay the same.

Upon the facts so plead, plaintiffs prayed a decree directing that the mortgaged property be sold and the proceeds applied in payment of the amount due. There was no request for a money judgment nor for the attorney's fees provided by the mortgage. Attached to the complaint proper, were the three exhibits therein mentioned, viz.: copies of the mortgage, the decree of distribution and the order establishing plaintiffs' right to McNulty's property. Defendants interposed a demurrer both general and special in its nature, the special grounds being the bar of the statute of limitation and the indefiniteness and uncertainty of the complaint. The court sustained the demurrer with leave to amend; and, plaintiffs having failed to amend within the time prescribed, judgment of dismissal was entered, from which plaintiffs have appealed.

[1, 2] For what particular reason the demurrer was sustained does not appear. Taking up the urged grounds in reverse order, that of indefiniteness and uncertainty may be dismissed as untenable, since the facts admitted by the demurrer clearly and concisely advise defendants of the nonperformance of Gilman's contract to pay, at a time certain, a sum certain with certain annual interest, and of plaintiffs' ownership of such contract and incident mortgage. The contention that the action is barred by the statute of limitation rests upon the following condition contained in the mortgage:

''But, in case default be made in the payment of principal or interest, as herein provided, then the said party of the second part, executors, administrators, and assigns are hereby empowered to sell the said premises, etc.''

[3] Such language confers an option only, vesting the mortgagee with a power he may or may not care to exercise. (*Brickell v. Batchelder*, 62 Cal. 629.) Under no construction could it be said to require an exercise of the power conferred. Inasmuch as the action was admittedly brought

within five years after December 1, 1919, the contracted date of the note's maturity, the bar of the statute had not arisen.

[4] Defendants urge, apparently in support of their general demurrer, that plaintiffs have failed to show themselves the owners of the specific mortgage, since the decree of distribution attached as an exhibit describes a mortgage for $1,200 and not $1,000. The complaint alleges that the mortgage so described is, and was intended to be, the mortgage declared upon, facts directly admitted by the demurrants, and at this time beyond their challenge.

[5] Finally, it is insisted that the complaint is fatally defective for failure to expressly waive all other recourse against the decedent's estate. This point might be decisive were this a suit against the estate, or had there been an estate against which recourse could have been had. But this is a suit against heirs after full administration. When the suit was begun, the decedent's estate was nonexistent; it had become one with Sambo's Christmas 'possum "wich wuh dar, but are not dar now." The final decree of distribution had annihilated it as an entity; and the title to its one-time components had become indefeasibly vested in the decedent's heirs. Recourse was therefore restricted to them alone, a recourse limited to the mortgage lien. It was impossible for plaintiffs to waive a recourse they did not and could not have.

The demurrer should have been overruled.

Judgment reversed and the cause remanded. Costs to appellants.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.